AMERICAN SPELTER COMPANY TO USE OF UNION TRUST COMPANY OF ST. LOUIS, Respondent, v. THE PROVIDENCE WASHINGTON INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, January 7, 1896.

**Insurance, Fire:** APPLICATION OF INSURANCE ON MANUFACTURED AND UNMANUFACTURED STOCK AND MATERIALS. A policy of insurance was issued insuring the several parts of a smelting plant, and manufactured and unmanufactured stock and materials. In a suit for a loss under the policy, a recovery was permitted for the loss of retorts used by the insured as a part of such stock and materials. *Held*, that the retorts were appliances, and that the recovery for them under the subdivision mentioned was, therefore, unwarranted.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED AND REMANDED .

*G. L. Stern, P. B. Valle* and *E. S. Robert* for appellant.

*Clopton & Trembly* for respondent.

BOND, J.—On the twenty-fifth of March, 1893, defendant issued its policy of insurance on the smelting plant of plaintiff for $1,000, apportioned on the several parts of the property insured. There was a total loss by fire during the life of the policy, and due proofs of loss were made. The defense to the present suit on the policy was that the conditions of insurance were broken:

*First.* By a suit to foreclose a mortgage on the plant insured, wherein a receiver was appointed and took possession as such.

*Second.* In that an execution was levied upon the property during the existence of the policy under a judgment against plaintiff.

*Third.* In that the plant had been closed for more than ten days without permission.

*Fourth.* In that it had been leased and possession given the lessee.

The reply averred that the alleged breaches of the conditions of the policy were known to, and waived by, defendant; that, under the laws of the state of Kansas, such knowledge was imputable to defendant because it was had by its general agent, who issued the policy; that said laws further declare that an insurer, who, after such knowledge, fails to return the unearned premiums which would be due the assured upon a cancellation of the policy, or otherwise to signify any intention to cancel the policy, is deemed to have continued the same and to have waived any forfeiture which might otherwise have accrued upon breach of its conditions.

The court instructed the jury on the theory of the law of Kansas, as suggested in plaintiff's reply. There

was a verdict and judgment for plaintiff for $925, from which defendant appealed.

Under the instructions given by the court the verdict for plaintiff necessarily involved a finding by the jury that the agent of the defendant, who issued and countersigned the policy in suit, was its general agent; that he had knowledge, prior to the loss, of the several breaches of the conditions of said policy alleged in defendant's answer; that, with such knowledge, the company retained the unearned premiums which the policy provided should be returned to the insurer upon a cancellation thereof, and did no act to signify that the policy was to be canceled on account of said alleged breaches.   Whether there was evidence to sustain these findings, all the members of the court are not agreed. The point is made, however, by appellant that the court erred in submitting to the jury the issue as to whether there was any loss by fire of manufactured and unmanufactured stock and material.   The court refused an instruction proffered by appellant, calling its attention to the failure of respondent's evidence to establish this issue.   A careful examination of the record does not show any testimony tending to prove the loss of such articles.   There was evidence of the loss of retorts, but these are *appliances* and not embraced in the clause of the policy apportioning part of the insurance upon manufactured and unmanufactured *stock* and *materials*. The latter appear to have been sold by plaintiff before the fire.   If the members of the court could agree on other points involved, this excess might be cured in this court by remittitur, but under the circumstances we must reverse the judgment and remand the cause.   All concur.