JOHANNA SCOTT and T. W. SCOTT, Respondents, v. GER-
MAN INSURANCE COMPANY, OF FREEPORT,
ILLINOIS, Appellant.

69  337
95  ²303

St. Louis Court of Appeals, February 23, 1897.

1. **Insurance, Fire**: PROOFS OF LOSS: EVIDENCE: FINDING. In a suit
on a policy of fire insurance, where it is doubtful from the evidence
whether proofs of loss were received within the time required by the
policy, a finding of the court, sitting as a jury, resolving that doubt
in favor of plaintiff, will not be disturbed.

2. ———: APPLICATION: BREACH OF WARRANTY: EVIDENCE: ESTOPPEL.
Where a policy of fire insurance made the statements of the applica-
tion warranties, and required in the case of a married woman that
her husband be joined with her in the application, and the assured,
in response to a question in the application "Are you the sole and
undisputed owner of the property insured?" answered "Yes," while
the evidence was that the property belonged to the wife alone, of
which fact the plaintiff husband, at the time, informed the agent of
defendant, who was authorized to take the application, and the
agent notwithstanding recorded the answer, and the company there-
after issued its policy,—*Held:* If there was any breach of warranty,
defendant was chargeable with a knowledge thereof, and estopped
from relying on such breach after a loss.

*Appeal from the Wayne Circuit Court.*—HON. JAMES F.
GREEN, Judge.

AFFIRMED.

*Harrison & Harrison* for appellants.

The court erred in not sustaining defendant's de-
murrers at the close of the evidence. *Sheehan v. Ins.
Co.*, 53 Mo. App. 356, 357; *Maddox v. Ins. Co.*, 56 *Id.*
347; *Ehrlich v. Ins. Co.*, 103 Mo. 240, 243, 244.

The receipt of proofs out of time, without objec-
tions, can not be treated as a waiver of the require-
ments to furnish them within time. *Cohn v. Ins. Co.*,

62 Mo. App. 274; *Leigh v. Ins. Co.*, 37 *Id.* 542; *Hanna v. Ins. Co.*, 36 *Id.* 542, and citation.   See, also, *Siebert v. Chosen Friends*, 23 Mo. App. 272.

The testimony of plaintiffs as to what they told the agent different, was not admissible, he having no authority to close the contract.   *Loehner v. Ins. Co.*, 17 Mo. 256; *Deilz v. Ins. Co.*, 38 *Id.* 92; *Squier v. Evans*, 127 *Id.* 518, 519.

By keeping the policy written in their joint names, with the copy of the application on the back written the same, over nine months, and not returning for correction before the fire, plaintiffs ratified the contract, and will not be heard to say it was different.   *Mahoney v. Ins. Co.*, 52 Mo. App. 99, and citations; *Shoup v. Ins. Co.*, 51 *Id.* 291; *Steinberg v. Ins. Co.*, 49 *Id.* 255; *Mensing v. Ins. Co.*, 36 *Id.* 607; 1 Beach on Ins. 331, sec. 356, and cases cited.

The representations in the application are made warranties.   There is a breach of warranty as to the ownership of the property, and plaintiffs are not entitled to recover.   *Schroedel v. Ins. Co.*, 27 Atl. Rep. (Pa.) 1077; *Insurance Co. v. Resh*, 40 Mich. 241; *Insurance Co. v. Hunter*, 32 S. W. Rep. (Tex.) 344. See, also, *Lima v. Ins. Co.*, 51 Mo. App. 447; *Holloway v. Ins. Co.*, 48 *Id.* 6; *Milling Co. v. Ins. Co.*, 25 *Id.* 259; *Grisby v. Ins. Co.*, 40 *Id.* 283.

*S. R. Durham* and *Louis F. Dinning* for respondents.

There were no false  representations or warranties made by respondents in  their   written application. The husband and wife were the sole and unconditional owners in fee simple of the property insured.   *Webster v. Ins. Co.*, 42 N. E. Rep. (Ohio) 546; *Warren v. Ins. Co.*, 35 S. W. Rep. 810, and citations.

If there were any false statements or warranties in respondents' written application, they were induced to be made by the defendant company itself, and it will not now be permitted to take advantage of what it has caused to be done through its authorized agent. *Shell v. Ins. Co.*, 60 Mo. App. 644; *Insurance Co. v. Du Bois*, 44 Pac. Rep. (Colo.) 756; *Robinson v. Ins. Co.*, 37 N. Y. (Sup.) 146, 1 App. Div. 269; *Insurance Co. v. Everett*, 36 S. W. Rep. (Tex. App.) 125; *Parsons v. Ins. Co.*, 34 *Id.* (Mo.) 476; 31 *Id.* 117; *Ins. Co. v. Blodgett*, 27 *Id.* (Tex.) 286; *Coles v. Ins. Co.*, 23 S. E. Rep. (W. Va.) 732; *Mining Co. v. Ins. Co.*, 62 Mo. App. 293; *Insurance v. Dowdall*, 55 Ill. App. 622; *Insurance Co. v. Stocks*, 36 N. E. Rep. (Ill.) 408; *Herndon v. Triple Alliance*, 45 Mo. App. 432; *Insurance Co. v. Gray*, 25 Pac. Rep. (Kan.) 197; *McComb v. Ins. Co.*, 48 N. W. Rep. (Ia.) 1038; *Reynolds v. Ins. Co.*, 46 *Id.* 659; *Insurance Co. v. Whiteleather*, 34 Ill. App. 60; *Insurance v. O'Connell*, *Id.* 357; *Roberts v. Ins. Co.*, 26 Mo. App. 92; *Insurance Co. v. Miller*, 39 Ill. App. 633; *Jemison v. Ins. Co.*, 52 N. W. Rep. 185; *Smith v. Ins. Co.*, 33 Pa. 567; 173 Pa. St. 15.

BOND, J.—Plaintiffs recovered judgment on an insurance policy, covering a dwelling house, smoke house and personal property for $772.97. Defendant appealed.

It is insisted that the evidence adduced to show that proofs of loss were duly furnished was insufficient for that purpose. The fire happened on the eighth of October, 1894. The defendant is a nonresident corporation. Banks and Harrison are state agents in Missouri. There was evidence tending to prove that plaintiffs sent proofs of loss to the defendant on the second of November, 1894; that they also sent proofs of loss by registered

PROOFS of loss: evidence: finding.

letter to the state agents on November 22, 1894. On the trial defendant, upon notice to that effect, produced proofs of loss, whose formal correctness is not questioned, and which bore a pencil memorandum, to-wit, "Rec'd by express 11, 5, '94. W. T., Sec'y."

There was proof that William Trembor was the secretary of defendant. It is not quite clear from the evidence whether the proofs of loss produced on the trial were those sent direct to the defendant, or those afterward sent to its agents in Missouri. If the former was the case, the thirty days allowed by the policy for furnishing proofs of loss had not elapsed when they were received by the company. The verdict of the court, sitting as a jury, resolved this doubt in favor of plaintiffs. Hence this assignment of error will be ruled against defendant.

The next complaint is that the court refused to declare the law to be, that plaintiffs could not recover the insurance apportioned to the building. Defendant insists that this declaration should have been made, inasmuch as the application for the insurance contains the following question and answer: "Are you the sole and undisputed owner of the property insured?" "Yes." Whereas it was shown on the trial that the dwelling house was built upon a lot inherited by the plaintiff's wife from her father, and the policy made the statements of the application warranties. The evidence is, that the application contains a provision that "if the applicant is a married woman, her husband must sign" it; that the application for the policy in suit was written out by the agent of the company authorized to take the same; that plaintiffs disclosed to him at the time the true state of the title to the lot. The plaintiff husband informed the state agent that he had no "interest in it whatever" except what accrued to him by virtue

APPLICATION breach of warranty: evidence: estoppel.

of his marital rights; that notwithstanding this notification, the said agent wrote the above answer, and the company thereafter issued the policy. This estops the defendant from making the defense of breach of warranty in the application. *Parsons v. Fire Ins. Company*, 132 Mo. *loc. cit.* 590; *Mining and Smelting Co. v. Amer. Fire Ins. Co.*, 62 Mo. App. *loc. cit.* 297; Beach on Ins., sec. 374. The principle underlying these cases is that the company by appointing an agent to take and record the statements of applicants for its policies intrusts him with apparent authority to receive and record truthful answers. Hence whatever is done by him within the scope of the authority conferred, is to be deemed the act of the company. There was nothing contained in the application signed by plaintiffs which in any way limited or restricted the ostensible authority of the agent to act for the defendant in taking the same. As the evidence tends to show that he was fully informed at the time as to the ownership of the respective parties to the real estate described in the application, if there was any breach of warranty, the defendant company is chargeable with knowledge thereof, and having subsequently issued its policy, is concluded from relying upon such breach after a loss. The result is that the judgment in this case will be affirmed. All concur.