THE AMERICAN SPELTER COMPANY TO USE OF THE UNION TRUST COMPANY, Respondent, v. THE MANCHESTER FIRE ASSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, October 26, 1897.

Pleading: DEFECT OF PARTIES: WAIVER. A defect of parties, apparent upon the face of a petition, must be taken advantage of by demurrer; otherwise the defect will be waived.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED *(with directions).*

*Fyke, Yates & Fyke* for appellant.

Under the terms of the policy, the loss is payable, absolutely, to the Union Trust Company, which is the real party in interest, and the only party entitled to maintain an action on the policy. *Griswold v. Ins. Co.,* 1 Mo. App. 97–100; *Berthold v. Ins. Co.,* 2 *Id.* 311–316; *Burris v. Ins. Co.,* 65 *Id.* 157; *Bartlett v. Ins. Co.,* 41 N. W. Rep. 579.

The insured and mortgagor can not adjust the loss or agree upon the amount of it, so as to bind the mortgagee, without the consent of the latter. *Brown v. Ins. Co.,* 5 R. I. 394; *Bergman v. Ins. Co.,* 15 L. R. A. 270; 18 S. W. Rep. 122.

*Clapton & Trembley* for respondent.

Defect of parties, where the defect is in the petition, must be taken advantage of by demurrer, or by answer, where the defect does not appear. R. S. Mo. 1889, secs. 2043, 2047; *Lucky v. Treadway,* 45 Mo. App. 164; *Pike v. Martindale,* 91 Mo. 268; *Michael v. Ins. Co.,* 17 Mo. App. 23; *Hager v. Graves,* 25 *Id.* 164.

The rule extends to the objection that there has been a misjoinder of parties. *Anderson v. McPike,* 41 Mo. App. 328; *Taber v. Wilson,* 34 *Id.* 89.

Answering to the merits waives defect of parties. *Planing Mill v. Church,* 54 Mo. 520.

Defect of parties can not be raised by demurrer to the evidence. *Pettingill v. Jones,* 21 Mo. App. 210; *Hor-*

*stkotte v. Menier*, 50 Mo. 158; *Dunn v. R. R.*, 68 *Id.*
268; *Benseick v. Cook*, 110 *Id.* 182; *Cook v. Tull*, 113
*Id.* 288; *Dodson v. Lomax, Id.* 559; *Gimble v. Pig-
nero*, 62 Mo. 243.; *Butler v. Lawson*, 72 *Id.* 246.

The court was justified in sustaining the motion
to set aside the nonsuit that the plaintiff might
amend by striking out the words "The American
Spelter Company to the use of." They may be stricken
out under the authority of *Beattie v. Lett*, or the words
"To the use of the Union Trust Company," might be
stricken out as surplusage. *Bank to use v. Gilpen*,
105 Mo. 21, 22.

BLAND, P. J.—This suit was brought on a fire in-
surance policy issued by the appellant to the American
Spelter Company, "loss, if any, payable to the Union
Trust Company of St. Louis," was written in the face
of the policy, and this fact was averred in the petition.
The answer admitted the execution of the policy, but
set up by way of defense a number of breaches of the
conditions of the policy by the American Spelter Com-
pany. It also contained a general denial. A reply to
the answer was filed. On the trial the appellant ob-
jected to the introduction of any evidence, upon the
ground that the Union Trust Company was the only
party that could maintain the action. This objection
was sustained by the trial court, whereupon the respond-
ent took a nonsuit, with leave to move to set the same
aside. A motion to set aside the nonsuit and grant a
new trial was timely filed, and by the court sustained,
and a new trial granted. From this order of the court
granting a new trial, the Manchester Fire Assurance
Company duly appealed to this court.

The writing in the face of the policy, "loss, if any,
payable to the Union Trust Company of St. Louis,"

PLEADING: de-
fect of parties:
waiver.

was an assignment of all .beneficial inter-
est in the policy to the latter company,
Bergman v. Ins. Co. 15 L. R. A. 270,—
and it was the only necessary party to the suit.  R. S.
1889, sec. 1990.  The fact that the American Spelter
Company was an unnecessary party plaintiff, was ap-
parent upon the face of the petition, and should have
been taken advantage of by demurrer.  R. S. 1889, sec.
2043; *Hager v. Graves*, 25 Mo. App. 164; *Lucky v.
Treadway*, 45 Mo. App. *loc. cit.* 515, 516; *Pike v. Mar-
tindale*, 91 Mo. 268.  The defect being apparent upon
the face of the petition, the appellant, by failing to
take advantage of it by demurrer, waived it.  R. S.
1889, sec. 2047; *Pike v. Martindale, supra*; *Mechan-
ics Bank v. Gilpen*, 104 Mo. 17.

The order of the trial court setting aside the non-
suit and granting a new trial is affirmed, with direc-
tions that respondent be permitted to amend the peti-
tion by striking out the name of the American Spelter
Company as a party plaintiff, if it is so advised.  All
concur.