UNION TRUST COMPANY OF ST. LOUIS, Respondent, v. THE PROVIDENT WASHINGTON INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, March 21, 1899.

1. **Fire Insurance**: LOSS: FORFEITURES: WAIVER BY DEFENDANT: KNOWLEDGE OF AGENT. In the case at bar when the policy was issued defendant received compensation (premiums) for the entire term for which it ran. When the general agent acquired knowledge of the events upon which it was forfeitable, good faith and fair dealing rendered it his duty, if he intended to insist upon a forfeiture, to cancel the policy and return the unearned premiums, to the end that plaintiff should receive its due on the abrogation of the contract and have an opportunity to obtain other insurance. His failure to take such action naturally led the assured to believe that it was deemed a continuing obligation on the part of defendant.

2. **Notice to Agent is Notice to Principal, When.** The notice must be given to the agent while the agency exists, and it must refer to business which comes within the scope of his authority.

*Appeal from the St. Louis City Circuit Court.*—HON. WILLIAM ZACHRITZ, Judge.

AFFIRMED.

W. H. CLOPTON for respondent.

Section 2241, Revised Statutes of Missouri, 1889, forbids the granting of more than one new trial, except where the triers of the facts shall have erred in a matter of law. Second, when the jury shall be guilty of misbehavior. This is the second appeal and the verdict is in consonance with the law and

the facts in the case. State ex rel. Wright v. Adams, 76 Mo. 605; Hill v. Deaver, 7 Mo. 57; Pratt v. The Judge, 12 Mo. 194; Boyce v. Smith, · 16 Mo. 317. Although instructions given for the prevailing party are erroneous, if on the evidence the judgment is for the right party, it will not be set aside. Fairbanks v. Long, 91 Mo. 628; Ittner v. Hughes, 133 Mo. 688. Where instructions fairly submit a case to the jury, it is not reversible error because of the seeming conflict in the instructions. Barry v. Railroad, 98 Mo. 62. The court properly declared the law. The contract in suit is a Kansas contract and the rights and liabilities of the parties thereto are governed by the laws of that state. Hartmann v. Railroad, 39 Mo. App. 88; Ins. Co. v. Wall, 140 U. S. 226. Under the laws of Kansas as declared by the courts of that state, breaches of conditions of fire insurance policies constitute no defense, provided notice was given to the Kansas agent, who countersigned the policy, and provided such agent knew, as agent, of the existence of the facts relied upon as breaches prior to the fire, and the agent or the company failed to cancel, or offer to cancel the policy. See decisions of supreme court of Kansas introduced in evidence by plaintiff and defendant. Every issue about which testimony was introduced pro and con has been found by the jury in favor of the plaintiff, and this court will not disturb its findings nor consider conflicts in the testimony. All the instructions must be considered as a whole, and considered as a whole they present logically every principle involved without even an apparent conflict or inconsistency.

D. W. Robert and E. S. Robert for appellant.

To constitute a waiver of a breach there must be some act which shows an intention to waive. Mere knowledge and a failure to cancel the policy is not sufficient. Ins. Co. v. Johnson, 4. Kan. App. 2; Ins. Co. v. Johnson, 4 Kan. App.

7; Weed v. Ins. Co., 116 N. Y. 106-118; Robertson v. Ins. Co., 88 N. Y. 541. Where the policy provides that it shall be void if the property remains vacant, the fact that the agent knew that the property was peculiarly liable to be vacant, and in its nature was used only at certain seasons, would not amount to a waiver. Wheeler v. Ins. Co., 53 Mo. App. 446; Woodruf v. Ins. Co., 83 N. Y. 133. Knowledge obtained by an agent, not obtained in the performance of any duty he owed to his principal, is not notice to his principal. Ins. Co. v. Johnson, 4 Kan. App. 12-22; Bank v. Fitze, 2 Mo. App. Rep. No. 1, p. 2; Benton v. Bank, 122 Mo. 33; Durham v. Hahn, 127 Mo. 439; Bank v. Twitt, 114 Mo. 519. The knowledge of an officer or agent of a corporation of facts acquired by him in the course of his private business, not in his official capacity, does not constitute knowledge of nor notice to the corporation. Bank v. Francis, 129 N. W. Rep. 427; State Savings Ass'n v. Printing Co., 25 Mo. App. 642; Manhattan Co. v. Webster Co., 37 Mo. App. 145; Johnson v. Shortridge, 93 Mo. 227.

BOND, J.—This cause was considered on a former appeal (64 Mo. App. 438), where the issues are stated, and it was reversed and remanded for the submission to the jury of an issue as to the loss of a part of the property, which the evidence in that record failed to show was embraced within the terms of the policy. The cause was before us again (71 Mo. App. 658) upon an appeal from an order of the trial court in awarding a new trial for error in its ruling in compelling a nonsuit for defect of parties plaintiff We affirmed the award of a new trial and remanded the cause, with permission to plaintiff to strike out the name of an unnecessary party. This was done and another trial has taken place, resulting in a judgment for plaintiff, from which defendant appealed.

The action is for the alleged breach of a contract of insurance for $1,000 by the total loss of the property covered by

fire during the existence of the policy. The defense is that, by its terms, the policy was forfeited, first, by the possession of the insured property by a receiver; second, by the levy of an execution thereon; third, the closing down of the plant for more than ten days without permission; fourth, its possession under a lease. To these several defenses plaintiff pleaded a waiver, under the laws of Kansas, by the general agent of the defendant.

Upon the issues thus joined the only questions for review are whether there is substantial evidence tending to prove the waivers set up in the reply, and whether the instructions of the court are correct? For if these questions can be answered in the affirmative the verdict of the jury is conclusive of the rights of the parties. The policy in suit was issued in the state of Kansas on behalf of a nonresident corporation by an agent (C. H. Sawyer) to whom authority had been given to make contracts of insurance and countersign and issue policies thereon. The power of such an agent to waive forfeitures of the contract of insurance is not denied on the present appeal and is established under the laws of Kansas and elsewhere. McCullum v. Ins. Co., 67 Mo. App. loc. cit. 80, 81, and cases cited; Nickell v. Ins. Co., 144 Mo. 420; Ins. Co. v. Munger, 49 Kan. 178; Ins. Co. v. Gray, 43 Kan. 497; Ins. Co. v. Bank, 50 Kan. 449; Ins. Co. v. McLanthan, 11 Kan. 553. To establish the fact of such waivers plaintiff introduced evidence tending to show that the agent in question was fully apprised of the several forfeitures pleaded in the answer, and with such knowledge failed to cancel the policy of defendant and return the unearned premiums which would be due to plaintiff upon such cancellation, or to signify in any other way an intention to forfeit the contract of insurance. Appellant urges two objections to the sufficiency of this proof. First, that mere knowledge of the breach of the conditions of the policy and a failure to cancel it on that account affords no basis for an inference of waiver. Secondly, that if it did warrant such a

deduction by the triers of the fact, that the knowledge in the case at bar was not had by its agent as such, and hence is not imputable to the principal. Waivers are either express or implied. The first are evidenced by contract, the latter rests upon the presumed intention which the law ascribes to certain acts or conduct following a known change in the legal relationship of the parties. While waivers are often created by affirmative action on the part of one after knowledge of the accrual of a right consequent upon the default of another, that is not their only basis, they are equally inferable from the failure to speak or act when fair dealing requires speech or action to prevent injustice to another. In such cases the law imposes a duty which can not be performed by silence and inaction, and if these are resorted to the law warrants a deduction that it was with the intention of foregoing the advantage which could only be had, without prejudice to another, by prompt and active assertion. As has been said, "When a party is under a duty to speak, or when his failure to speak is inconsistent with honest dealings and misleads another, then his silence may be deemed to be acquiescence." Moore v. Ins. Co., 130 N. Y. loc. cit. 545. According to the provisions of the policy in suit the continuance of the insurance thereunder depended upon the non-happening of the defense set up in the answer. When the policy was issued defendant received compensation (premiums) for the entire term for which it ran. When the general agent of defendant acquired knowledge of the events upon which it was forfeitable, good faith and fair dealing rendered it his duty, if he intended to insist upon a forfeiture, to cancel the policy and return the unearned premiums, to the end that plaintiff should receive its due on the abrogation of the contract and have an opportunity to obtain other insurance. His failure to take such action and his retention of the full consideration of the contract naturally led the assured to believe that it was deemed a continuing obligation on the part of defendant. Hamilton v. Ins.

Co., 94 Mo. loc. cit. 368; Niagara v. Lee, 73 Tex. 641; Morrison v. Ins. Co., 69 Tex. 363; Ins. Co. v. Scheffy, 71 Miss. 919; Bellevue etc. v. Ins. Co., 24 Ins. Law Journal 331. Our conclusion is that, assuming the knowledge had by the general agent of defendant was such as to affect his principal, there is no merit in the first objection made by appellant to the sufficiency of the proof of waiver. But appellant claims that knowledge had by its general agent of the breaches of the contract of insurance made by him on its behalf did not come to him as its agent, and hence should not be imputed to it. The evidence tends to show that C. H. Sawyer was the *alter ego* of the defendant, which was a nonresident corporation; that he was also engaged in the business of representing generally a number of other foreign insurance companies, and that he had issued policies in many of these companies upon the plant and property insured by defendant. Touching the receivership, the vice-president and general manager of the assured testified: "I told him (C. H. Sawyer) I had been appointed receiver of the American Spelter Company, and got him, as a notary public, to qualify one of my bondsmen." As to the lease of the property, the same witness testified: "I showed him the lease and asked him to become an incorporator and director, which he refused to do." This witness further testified that he took out all the policies of insurance on the property of the American Spelter Company, and received them from C. H. Sawyer. The policy in suit was dated March 25, 1893, and ran for one year. The fire occurred November 4, 1893. On the eighteenth of May, 1893, Sawyer wrote to the assured that he was having a hard time to get additional insurance "on account of the condition of the enterprise." On the twenty-second of July, 1893, he wrote cancelling a policy which he had issued in another company and directed the assured to draw for the return premium, concluding his letter as follows: "I find I can't place insurance on your plant so long as it is idle and in the hands of a receiver." According

to plaintiff's testimony, the sheriff in charge of an execution came to the plant while it was in the possession of the vice-president and manager of the assured corporation as receiver, and being shown the authority of the latter retired without making a levy. According to defendants testimony the sheriff made a levy and had an appraisement and made a return of no sale for want of bidders, and the agent of defendant acted as one of the appraisers of the property. The evidence further shows that shortly after the fire the president of the assured company said to defendant's agent: "Why, Charlie, you knew that that property was in the hands of a receiver. In fact, you knew all about its condition, did you not?" To which the agent replied: "Yes, but you did not give me official notice. You did not notify me in writing of these changes and that is the objection we are making." In view of the foregoing testimony it is difficult to perceive the force of the objection by appellant as to the capacity in which its agent became informed of the matters relied on as a defense. As to two of these, the leasing and the receivership, the evidence is that the agent was informed by the person with whom he made the contract of insurance and to whom he delivered the policy in suit and all others issued by him on the property of the assured. That this person, who was also the general manager of the assured, was duly authorized to speak for it, is too clear for argument, and it is equally plain that when he notified the general agent of the defendant of these facts, such notice was in legal intendment given to defendant itself. The agency being general and continuing notice to the agent by the other party to the contract made for the principal, is conclusive upon the latter. This must be so unless, in the two instances under review, it was necessary in order to charge the defendant with the notice given to its agent as to a matter growing out of the agency, that the agent at the time of receiving the notice should have been "actually engaged in the transaction of the very business" to which the notice related, which can not be

maintained. On this subject the supreme court has formulated the rule as follows: "The notice must be given to the agent while the agency exists, and it must refer to business which comes within the scope of his authority; when this is the case I think that notice to the agent is notice to the principal." Hayward v. Ins. Co., 52 Mo. loc cit. 191.

It is equally clear that the temporary closing down of the plant and the levy thereon by the sheriff were communicated to the agent in such manner as to charge defendant with notice. The letter of the agent, while writing about a policy in another company represented by him, shows that he had full knowledge that the plant was idle. It also appears that he was one of the appraisers of the property when levied upon. He was the general agent of the defendant when he wrote the above letter, and also when he assisted in appraising the insured property. The knowledge thus acquired could not have been absent from his mind while continuing the policy in suit by failing to declare a forfeiture. Hence it might be well imputed to defendant under the rule that the knowledge present to the mind of an agent, while so acting, which he is at liberty to communicate to his principal "whensoever, howsoever and wheresoever acquired, will be held knowledge of the principal." Trundle v. Ins. Co., 54 Mo. App. loc cit 196; George v. Railway, 40 Mo. App. loc. cit. 446; Wade on Notice, sec. 688; Distilled Spirits, 11 Wallace, 356. But the evidence in the case goes farther. It distinctly appears from the admission of the agent that he was fully informed as to the grounds on which the answer now claims a forfeiture, and that his only objection was that the information did not come to him in writing. This admission clearly warranted a finding of full oral notice to the agent in his capacity as such, of the defenses relied on, and coupled with the other facts in the record tending to show a waiver, justified a judgment for the amount of the policy.

VOL. 79 app—24

State·ex rel. v. Jones.

Some criticism is made of the instructions given for plaintiff in this case. A careful examination of the instructions for plaintiff and the qualifying clause discloses that it is in accordance with the views expressed in this opinion. The judgment is affirmed. All concur.