## MARY L. O'BRIEN, Respondent, v. GREENWICH INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, June 9, 1902.

**Insurance:** OWNERSHIP: WAIVER. A policy provided that the
assured should be the unconditional owner of the insured property.
He was in possession and control but only had title to an undivided
interest, which was known to the agent issuing the policy. *Held,*
the unconditional-ownership clause is not sufficient to work forfeiture.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Lon-
gan,* Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1)   The policy sued on, which is the contract be-
tween the parties, does not assume to insure the inter-
est of any person other than Mary L. O'Brien.    We
think it is settled, both upon principle and by authority,

that a policy so written can not be held, in an action at law, to cover the interest of persons not named therein.    Wise v. Ins. Co., 23 Mo. 80. We rely upon the foregoing decision as decisive of this case.

*Montgomery & Montgomery, Sangree & Lamm* and *Barnett & Barnett* for respondent.

(1)   If, at the time the policy was written, the plaintiff correctly stated her title or the same was known to the agent and without any concealment on the part of the plaintiff, the agent issued the policy to plaintiff, insuring the property in question, knowing at the time the true condition of the title, then the defendant is estopped from complaining of the fact that the plaintiff was not the sole and unconditional owner of the insured property.    Nixon v. Ins. Co., 69 Mo. App. 351; Overton v. Ins. Co., 79 Mo. App. 1; Trust Company v. Ins. Co., 79 Mo. App. 362; Scott v. Ins. Co., 69 Mo. App. 337; Parsons v. Ins. Co., 132 Mo. 583.    (2)   The case of Wise v. Ins. Co., 23 Mo. 80, cited by appellant is not in point, as in that case the suit was brought by a party not insured under the policy. (3)   The insurance agent knew the exact condition of the policy and accepted the full premium for its insurance from plaintiff, and if the policy was void for the reason that she was not the sole and unconditional owner, that fact was known to the defendant when it issued the policy and accepted the premium, and it therefore accepted money for the doing of a void act.   The courts will not permit the defendant to stultify itself by saying that it took a consideration for issuing a policy that it knew to be void.   2 Wood on Insurance (2 Ed.), p. 894.

ELLISON, J.—This action is on a policy of fire insurance on personal property.   The judgment in the trial court was for plaintiff.

The defense here is that the plaintiff was not the sole and unconditional owner of the property. The evidence disclosed that she was in possession and control thereof, but that she in reality only had title to an undivided interest. This fact was, however, fully known to defendant's agent and with such knowledge he wrote the policy and defendant accepted the premiums provided for therein. In such circumstances the clause of unconditional ownership must be held not to be sufficient to work a forfeiture. Nixon v. Ins. Co., 69 Mo. App. 351; Overton v. Ins Co., 79 Mo. App. 1; Trust Co. v. Ins. Co., 79 Mo. App. 362; Scott v. Ins. Co. 69 Mo. App. 337; Parsons v. Ins. Co.,132 Mo. 583.

The judgment is affirmed. All concur.