A. H. CLARK *et al.*, Respondents, v. KNOXVILLE FIRE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, February 12, 1895.

1. Insurance, Fire: BREACH OF WARRANTY: ESTOPPEL. The defendant fire insurance company issued to the two plaintiffs as partners its policy covering a store house and a stock of goods therein. The store house belonged to one of the plaintiffs individually. This fact was mentioned by one of the plaintiffs to the agent of defendant (who was authorized to write policies for it), for the purpose of having the house insured separately, but the agent replied that it made no difference so long as the house belonged to either of the plaintiffs. *Held*, that, under these facts, the said ownership of the house was not available to the defendant as a breach of warranty.

2. ———: WAIVER OF PROOFS OF LOSS. Proofs of loss which were not in strict compliance with the policy were delivered to the insurance company, and its adjuster demanded fuller proofs and required these proofs to be accompanied with copies of invoices. Fuller proofs were delivered, but they were not accompanied by copies of the invoices

owing to the destruction of the originals by the fire. Thereafter the adjuster made unsuccessful attempts to settle the loss with the insured, but never returned the proofs of loss. *Held,* that evidence of these facts was competent to establish the waiver of proofs of loss.

3. ———: EXCESSIVE VERDICT: PRACTICE, APPELLATE. Appellate courts will not vacate a verdict as excessive, unless the excess is unwarranted under any reasonable interpretation of the evidence.

*Appeal from the Laclede Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*Rathbun & Son* and *Mansfield & Moore* for appellant.

*J. P. Nixon* and *W. I. Wallace* for respondents.

ROMBAUER, P. J.—This is an action upon a fire insurance policy issued by the defendant to Mahaney & Williams, and assigned by the latter, after loss, to the plaintiffs for value. The policy covers a store house to the amount of $200, and goods contained therein to the amount of $1,000, and provides for a three fourths valuation in case of loss. The petition is in the usual form, and avers that the property insured was totally destroyed during the life of the policy, and that the value of the goods thus destroyed was $1,500. It also states that the assured in all things complied with and performed all the terms of the policy. The assignment of the policy to the plaintiffs for value is fully stated, and touching its validity there is no question.

The answer sets up the following defenses: Breach of warranty of title, failure to furnish proper preliminary proofs, and false swearing by the assured in their attempted preliminary proofs. The reply denies these defenses generally, and specifically states that the true title to the property was disclosed to the defendant at

the date of effecting the insurance, and that defendant is not in a position to avail itself of that defense. The cause was tried by a jury, who found for the plaintiffs for the full amount stated in the policy. The defendant complains on this appeal that the court erred in its ruling on the evidence and in its instructions to the jury, and that the verdict is grossly excessive and the evident result of bias and prejudice.

It was conceded upon the trial that the title to the store house was in Mahaney, and not in Mahaney & Williams as set forth in the application and policy. The plaintiffs, however, claimed, and gave in evidence, the defendant's admission to the effect, "that one McCormack was at the date of the contract the properly authorized agent of the defendant insurance company, had full power to write policies of insurance at Hartville, Missouri, for said company, and that said company *ratified his act in writing this policy.*" The plaintiff also gave evidence tending to show that McCormack was told prior to the issue of the policy by one of the assured that the store house did not belong to the firm, but was the property of Mahaney, with a view of taking out a separate policy on the house, but that McCormack replied that made no difference, so long as the house belonged to one or the other of the insured. It is evident that, if this evidence was believed by the jury, the variance in the title was unavailable to the defendant. *Combs v. Insurance Company*, 43 Mo. 148; *Breckinridge v. Insurance Company*, 87 Mo. 62; *Hubbard v. Insurance Company*, 57 Mo. App. 1. These facts were submitted to the jury for their finding by an appropriate instruction.

There was testimony tending to show the following facts: The assured, shortly after the fire, made out preliminary proofs of loss, and forwarded them to the company. These proofs of loss were not in strict

compliance with the terms of the policy, but, after the company received them, McCormack, who, as above seen, was admitted to be a full representative of the company, came to the assured, and introduced the defendant's adjuster to them. The adjuster examined into the loss, and directed the assured to make fuller proofs, itemizing their statement of loss, and accompany it with copies of invoices of the goods. The assured made out an itemized claim, but could not accompany it with copies of the invoices, as the original invoices were destroyed by the fire. The adjuster thereupon again called upon the assured and endeavored to settle the loss, but failed. The policy was thereupon assigned to the present plaintiffs, who at once advised the defendant of that fact. Thereupon defendant's adjuster wrote to the plaintiffs, requesting them to call upon him, and saying that they would try and adjust the matter. There was no evidence that the proofs of loss were ever returned to the assured as insufficient, or that any other objection was made to their sufficiency, except as above stated. All this evidence was submitted by the plaintiffs, not with a view of showing that sufficient preliminary proofs had been furnished, but with a view of showing that fuller . proofs were waived by the company. Under the decision of the supreme court in *McCullough v. Insurance Company*, 113 Mo. 606, the evidence was admissible for that purpose, and, as the question of waiver was submitted to the jury for their finding on an appropriate instruction, there was no error either in the admission of this testimony or in the instruction of the court on the question of waiver.

There was substantial evidence tending to show that the loss suffered by the assured in the destruction of their goods amounted to $1,500, according to the valuation put upon them by the assured. Three fourths of

this amount is $1,125. The recovery was for $1,000, and is, therefore, within the limits of this evidence. It is true that there was ample evidence on part of the defendant which had a tendency to show that the goods were greatly overvalued, and that all the goods claimed for were not in the store. The trial court might have sustained a motion for new trial with propriety, on the ground that the verdict was excessive under the weight of the evidence. Appellate courts, however, are not waranted in vacating a verdict on that ground, unless the excess is unwarranted by any reasonable interpretation of the evidence, as was the case in *Doty v. Steinberg*, 25 Mo. App. 328. In the latter event, the excess itself indicates bias, and is evidence of the fact that the appellant was deprived of a fair trial on other parts of his case.

The question of false swearing was submitted to the jury on appropriate instructions offered by the defendant. As the jury, under the instructions of the court, were limited in their finding to three fourths of the value of the goods, they must have found that their value at the date of the fire was at least $1,333.33, and thus negatived any false swearing. It is proper to state in this connection, however, that there was testimony, other than that of the assured, which placed the value of the goods at the date of their destruction as high as $1,500.

Finding no errors in the record, we affirm the judgment. All concur.