GEORGE W. CROSSAN, Respondent, v. THE PENNSYLVANIA FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 16, 1908.

1. INSURANCE: Valued Policy: Statute.   Section 7979, Revised Statutes 1899, is a direction to insurance companies not to insure for more than three-fourths of the value of the property and when they fix the value and issue insurance for such fixed sum they shall not be allowed to dispute that such sum was three-fourths of the value of the property.

2. ————: ————: Separable Contract: Distinct Items: Instruction.   But where the policy insures several amounts upon several and distinct items the contract is separable and recovery in case of loss can only be allowed on each class according to its separate valuation and the company cannot dispute that the amount insured on each class is three-fourths of the value of the property insured in that class; and an instruction permitting a recovery in solido for the total amount of the several sums insured on each class is error.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison*, Judge.

REVERSED AND REMANDED.

*Fyke & Snider* and *B. R. Martin* for appellant.

(1) The policy in suit separately valued and separately insured the property covered by the three re-

spective items, and they are, in fact, three distinct and independent contracts; neither bound by the terms of, or valuations in the other, hence plaintiff's instruction requiring the jury to consider and value the three items as one, and apply depreciation, etc., if any, to the aggregate value of the three, was erroneous. Each should have been dealt with separately. Koontz v. Hannibal S. & S. Co., 42 Mo. 126; Trabue v. Insurance Co., 121 Mo. 75; Gillum v. Insurance Co., 106 Mo. App. 673; Merrick v. Insurance Co., 54 Pa. 277; Chandler v. Insurance Co., 70 Vt. 562, 41 Atl. 502; Schmaelzel v. Insurance Co., 70 Conn. 397, 60 L. R. A. 536; Miller v. Insurance Co. (Okla.), 75 Pac. 1121; Pratt v. Insurance Co., 130 N. Y. 206; Insurance Co. v. Fairbank (Neb.), 49 N. W. 711; Insurance Co. v. Schneck, 25 Neb. 527, 43 N. W. 340; Calimor v. Insurance Co. (Ohio), 31 N. E. 279; Rogers v. Insurance Co., 121 Ind. 570; Querner v. Insurance Co., 10 W. Va. 530. (2) The insurance of merchandise was taken to cover future deliveries and not property then in stock, hence section 7979, Revised Statutes 1899, is not the law of this case. (3) The verdict, as to the first item and the second item of the policy is excessive.

*J. C. Growney*, for respondent, submitted argument.

ELLISON, J.—This is an action on a fire insurance policy in which plaintiff recovered judgment in the trial court for $500, the full amount of the policy.

The policy insured the plaintiff against loss on personal property, for a gross premium, in the gross sum of $500. That sum was the total made up by the separate insurance of three classes of property in the same building, with the amount of insurance stated on each class. Two hundred dollars was on stock of general merchandise; two hundred and twenty-five dollars was on furniture and fixtures in the store; and seventy-five

dollars was on household and kitchen furniture. The insurance was taken on the 3d day of July, 1907, and the fire occurred three days thereafter. The loss was not total on either of the three classes of property. Plaintiff placed the aggregate value of the property saved at $100.

An instruction for plaintiff put the case to the jury as an insurance *in solido* for the gross sum of $500, and though there was a saving from the fire of $100 in value, yet the theory of the instruction was that the provision of section 7979, Revised Statutes 1899, in the following words,—"No company shall take a risk on any property in this State at a ratio greater than three-fourths of the value of the property insured, and when taken, its value shall not be questioned in any proceeding"—had the effect, so far as defendant was concerned in this action, of fixing the value of the property at a sum of which $500 was three-fourths,— that is to say, $666 2-3; therefore, when he saved $100 in value from the fire, he yet lost more than $500, and consequently was entitled to recover the full sum of the insurance.

We have heretofore construed the foregoing statute as being a direction to insurance companies not to insure for more than three-fourths of the value of property, and that when they did fix a value and issue insurance for the sum fixed upon, they should not be allowed to dispute that such sum was three-fourths of the value. [Gibson v. Insurance Co., 82 Mo. App. 515.] In support of that case are the following cases: Siegle v. Insurance Co., 107 Mo. App. 456; Hanna v. Insurance Co., 109 Mo. App. 152; Stevens v. Insurance Co., 120 Mo. App. 88. See also, on the general subject, Daggs v. Insurance Co., 136 Mo. 382, 394. The instruction in question embodied this view of the statute; but when it is applied to the special provisions of the policy in suit, it cannot be approved.

As already stated, the policy, though insuring the plaintiff, for a gross premium, in the aggregate sum of $500, this amount was divided into separate sums as insurance on the separate classes of property, and should be considered, in ascertaining the rights of the parties, as though each class of property was valued at such sum and insured in separate policies, and the recovery should be allowed on each class according to its separate valuation and loss, as though there was but one class and one valuation. In short, the contract is severable into as many contracts as there are separate classes of property insured on separate valuations. The reasons for so regarding such policies are so well and so fully stated by the Supreme Court, after a thorough examination, in Trabue v. Insurance Co., 121 Mo. 75, that we need only refer to that case.

It is true that that case, and many of the cases therein discussed, were where the contract was severable into complete and distinct parts, so as to prevent the fraud or untrue representation as to one part from affecting other parts not so contaminated or affected. But we see no reason why the principle should not apply where fraud or misrepresentation is not involved. It is sustained by the best reason, as is, we think, evidenced by the following extract from a leading case in New York (Merrill v. Insurance Co., 73 N. Y. 452), cited in the Trabue case: "It is plain from the fact of a separate valuation having been put by the parties upon the different subjects of the insurance, that they looked upon them as distinct matters of contract. The effect of the separate valuation was to make them so. No matter how much value there might have been in any one of those subjects, even to the whole amount of the policy; had it been totally destroyed, the defendants could not have been made liable to an amount greater than that named in the policy as the valuation of it. Thus it was at the inception of the contract, distin-

guished from the other subjects of insurance, and the contract so made as to be capable of application to it alone. So too, if but one of the subjects of insurance had been burned, the defendants (*ceteris paribus*) could not have avoided liability to pay for that, up to the value put upon it; and if not wholly destroyed, but so far damaged as to reach in deterioration the value put upon it in the policy, the defendants would have to pay that damage; and that subject would no longer form a part of the general matter insured, and hence not a part of the continuing contract. Thus there would of necessity be a severance of the contract, worked out by the operation of its own terms."

The result is that the judgment should be reversed and the cause remanded. All concur.