## NANNIE FLOYD, Respondent, v. MODERN WOOD-MEN OF AMERICA, Appellant.

### Kansas City Court of Appeals, June 3, 1912.

FRATERNAL SOCIETY: Physician as Agent: Application: Estoppel: Concealment. Where a fraternal benefit association's examining physician takes the application of a member for a benefit certificate of insurance and himself writes down some of the answers and omits others on the ground that they are unimportant, the acts of the physician are the acts of the company, and it will not be allowed to say that there was a warranty that the application contained full and complete answers to the questions propounded therein, provided, that the applicant, in fact, made true answers as asked; and whether he did or not, there being evidence *pro* and *con*, was a question for the jury.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*B. D. Smith* and *Bailey & Hart* for appellant.

*Campbell & Ellison* and *Weatherly & Frank* for respondent.

ELLISON, J.—Plaintiff is the widow of Vernon Floyd, deceased, and is the beneficiary in a certificate of life insurance issued to him on the 24th of November, 1908. Defendant is a fraternal benefit society and issued the certificate to Floyd as a member thereof. Floyd died in January, 1909, and defendant refused payment of the certificate. This action followed, and plaintiff recovered judgment in the circuit court.

The defense is based upon answers given by deceased in his application for the certificate, which defendant insists were false and thereby invalidated the certificate in plaintiff's hands as beneficiary. The

questions to which the answers charged to be not full and complete, and therefore false, were, whether he had ever been treated by a physician within seven years prior to the 6th of November, 1908, the date of the application, and if so, to give the names of physicians treating him, etc.    The answer was: Yes, that he had been treated by Dr. Wilcox for smallpox.  He likewise answered that he had never had rheumatism or disease of the heart; and that a sister had died of typhoid fever after five week's illness.  Defendant insists that all these answers were knowingly false.

Plaintiff admits the answer to the question of treatment by physicians in the past seven years is not full and complete.  But defendant's "Deputy Head Consul," who solicited applications for membership, testified that he was present during the time that part of the application in question was being put in writing.  That the answers were written by defendant's examining physician and that the deceased told of other ailments than smallpox he had had in the past seven years, such as bad colds, billious attacks, and stomach troubles, but that these were termed not serious by defendant's agent and that it was not worth while to state names of physicians, if any.

There was testimony in plaintiff's behalf tending to show that deceased's answers were true as to his never having had rheumatism, or disase of the heart. This evidence came from persons in a position to know.  Some were his employers, who had observed him through a series of years as a laboring man engaged in different kinds of work, requiring strength and endurance, and they had never heard of his being sick, or observed that he was, nor had they heard him complain.  The report of defendant's examining physician, giving details of his examination, shows deceased to have been a strong man without sign of organic disease.    Defendant's soliciting agent went with deceased to the examining physician's office,

which was on the second floor, and stated that deceased ran up the stairway two steps at a time.

So there was evidence tending strongly to show that deceased acted with the utmost candor in regard to his sister's death and its cause. He told defendant's physician he did not know the cause of her death, except that he heard it was typhoid fever; that his mother said she thought that was the cause of her death; and that he had heard she had consumption, "but that his mother claimed there was no consumption in the family." Plaintiff, deceased's widow, testified that she never heard him complain of rheumatism or heart disease, and that she had not detected any sign of such ailments. There was also evidence tending to discredit evidence in plaintiff's behalf. On the whole record, there was abundant evidence to sustain the verdict, and the judgment must be affirmed unless there was error in the ruling of the trial court.

Defendant, as a fraternal association, is exempt from the statute regulating general insurance companies, and while the effect of a warranty in general insurance is much qualified by the statute, in fraternal companies the warranty contained in an application, though in relation to matters of health not associated with the death of the applicant, is binding upon the applicant. This is abundantly supported by authorities to be found in defendant's brief. But where the agent of the insurance company, whose duty it is to take the application, whether it be fraternal or general company, himself propounds the questions and writes the answers, his acts are the acts of the company. If, therefore, the applicant answers the questions truly and the agent only writes down what he calls the important part of what the applicant told him, declaring the balance was of no consequence and need not be put down, the agent will be held to be the company's agent for the purpose of writing down what was necessary to be stated, and it will not be permit-

ted, after the applicant's death and the insurance is demanded, to say that there was a breach of warranty as to full and complete answers. [Shotliff v. Modern Woodmen, 100 Mo. App. 138, 152; Thomas v. Hartford Fire Ins. Co., 20 Mo. App. 150.] These cases are fully supported by decisions of the Supreme Court therein cited. [See, also, Kausal v. Ins. Co., 31 Minn. 17.] The trial court was therefore right in admitting evidence to show that defendant's examining physician took deceased's application and wrote down his answers therein, and that deceased had told him of his other complaints or ailments, but that the physician said it was not necessary that it should be put down, and himself omitted it.

What we have written covers the matter of warranty as to the cause of the death of deceased's sister.

Principal among the authorities cited by defendant is that of Modern Woodmen v. Angle, 127 Mo. App. 94. The case does not support defendant. It is there written (p. 109), as we have herein stated, that: "Under the authorities, Dr. Crewdson, then acting in the capacity of camp physician, was then and there agent of the society with authority to determine the materiality of the answers and waived the society's rights with respect thereto, and therefore, if possessed of the facts with respect to all these matters, as he was, he wrote the answers as he deemed them material, the insurance society will be deemed to have waived its right with respect to the answers being literally true in that regard, and is estopped from asserting their untruth as a breach of the warranties."

It is true in that case the certificate of insurance was cancelled; but it was for the reason that there was evidence conclusively showing deceased knowingly concealed material matters and did not state the facts to the physician, so that he might have an opportunity of judging whether it was necessary to be written

down. In the case at bar there was evidence, as we have already stated, strongly supporting the theory that deceased did not conceal anything from the physician; and while there was also evidence to the contrary, it was a question for the jury to decide.

The instructions given for plaintiff were in accord with the views above stated. They made it plain to the jury that while defendant's physician, in writing down decased's answers, was the agent of defendant, yet, if deceased concealed or misrepresented anything to such physician, there could be no recovery. Defendant's instructions were amended by the court, and properly. As asked they, in effect, cut out the propositions of law herein stated, and required a verdict for defendant even though its physician was put in possession of all the facts by deceased.

We have found no error in the record, and hence affirm the judgment. All concur.