JAMES MALLEN, Administrator, Respondent, v. NATIONAL LIFE ASSOCIATION, Appellant.

Kansas City Court of Appeals, December 31, 1912.

1. **LIFE INSURANCE: Benefit Certificate: Soliciting Agent: Medical Examiner: Waiver.** An assessment company of life insurance had a form of application for a life benefit certificate divided into two parts. The first was merely an application for insurance, stating the amount and premium, etc. The second was an examination as to his health, freedom from disease, etc. The first was handled through a soliciting agent and the second through the medical examiner. An applicant informed the soliciting agent that he had the piles, a disease of the rectum, but the agent said it made no difference, and for him to say he had not, when asked that question by the medical examiner. The applicant then signed the soliciting agent's part of the application, and thereafter was examined by the medical examiner and answered that he did not have such a disease and warranted his answer to be true, and thereby obtained a benefit certificate. Within six months afterwards he died from an operation for the piles. It was *held* that there was no liability on the certificate.

2. **———: Agent: Applicant: Estoppel: Good Faith.** If an applicant for insurance who is required to give information as to his health, diseases, etc., informs the proper agent of the company that he has a certain disease, and the agent says it amounts to nothing and refuses to put it down, or writes that the applicant has no disease,—his act binds the company, if the assured acted in good faith.

3. **———: ———: ———: Conspiracy.** If an applicant for insurance conveys true information of a disease he has, to an insurance company's proper agent, and then he and the agent conspire together to defraud the company by suppressing such information, there is no liability.

4. **LIFE INSURANCE: Agency: Statute: Application: Fraud.** Though Sec. 6938, R. S. 1909, makes any person soliciting an application for life insurance, the agent of the company and not of the assured, such statute does not apply to a fraudulent conspiracy between the solicitor and the insured to deceive and defraud the company, but merely to the solicitor's acts within the limits of his agency.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burns*, Judge.

REVERSED.

W. H. Douglas and E. T. Harris for appellant.

E. J. Smith and W. S. Herndon for respondent.

ELLISON, J.—Plaintiff is the administrator of Michael O'Loughlin, deceased, and brought this action on a certificate of life insurance issued by defendant company. The judgment was for the plaintiff.

It seems that the application for insurance with defendant consists of a first and second part. That separate agents of defendant are in charge of these. The first part of the application is under charge of a soliciting agent and is quite general in its statements. amounting to little more than signifying in writing a desire for the insurance, stating the amount and agreeing to pay the premium. The second is in charge of the medical examiner, who takes a statement of applicant's health and requires answers to specific questions as to diseases, attendance of physicians, etc.

Deceased was solicited for insurance by the soliciting agent. He declined, or at least stated he doubted if he could get it for the reason that he was afflicted with the piles. Whereupon the agent said that was of no consequence and made no difference, and when that question was asked him, to answer "no."

Then (date not given) deceased went before the medical examiner, who knew nothing of his fraudulent arrangement with the soliciting agent, and made and signed the second part of the application, in which he stated he did not have any disease of the rectum. This answer was knowingly false, though he warranted it to be true.

The fact was that deceased was badly afflicted with piles, and that in a less time than six months thereafter he died from an operation performed for that affliction.

Plaintiff seeks to avoid deceased's false representation on the ground that defendant's agent was informed of the fact and said it made no difference, requesting him to answer "no" when the question was asked him by the medical examiner. It is settled law in this State that if the insurance company's soliciting agent is empowered to take written applications for insurance and is informed as to the facts and yet puts down a falsehood, or directs the applicant to do it, the company is nevertheless liable. [Shotliff v. Modern Woodmen, 100 Mo. App. 138; Floyd v. Modern Woodmen, 166 Mo. App. 166.] Since it would not be expected that a liability would attach if the applicant and the agent conspired to defraud the company, the foregoing statement of the law is on the assumption that the applicant acted honestly and in good faith.

In this case it was not the duty nor within the authority, real or apparent, of the soliciting agent, to receive information or make inquiry as to the character of diseases. The defendant company did not seek information of deceased's health through the solicitor. That authority was placed with the medical examiner, as deceased must have known, for it was before him his examination took place and his answers were written down and signed by him. Deceased knew he was not informing the company as to his disease, for he consented to the soliciting agent to suppress that information and to deny the existence of the disease to the men selected by the insurer to find out the facts. In Floyd v. Modern Woodmen, supra, true information was given to the medical examiner, who was the proper agent, and suppressed it.

Having determined that the defendant was not bound by the information given to its soliciting agent, and that it had no knowledge of deceased's false representations as to a disease of the rectum against which he warranted, and it appearing that his death

was caused by an operation for such disease, it is apparent the judgment should have been for defendant. The verdict doubtless would have been for it under its instruction No. 3, if it had not been for plaintiff's No. 2, which was practically a peremptory direction to find for the latter.

But plaintiff claims a right to the judgment on the ground that the agent who solicited the insurance in the first instance was defendant's agent and not deceased's, under the terms of section 6938, Revised Statutes 1909, reading as follows: . . . Any person who shall solicit an application for insuranct upon the life of another shall, in any controversy between the assured or his beneficiary and the company issuing any policy upon such application, be regarded as the agent of the company. and not the agent of the assured, . . ." We readily concede that an agent of an insurance company who solicits a person to take out a policy of insurance, is the company's agent and that his acts, within the limits of his agency, are the acts of the company. But, of course, the statute was never intended to bind the insurance company in favor of an insured who enters into a fraudulent conspiracy with the agent to deceive and defraud the company.

The judgment is reversed. All concur.