L. F. LAFONT, Respondent, v. HOME INSURANCE COMPANY, Appellant.

Springfield Court of Appeals, March 9, 1916.

1. INSURANCE: Insurable Interest. A party cannot collect insurance upon property in which he has no insurable interest.

2. ———: ———: Validity of Contract: Waiver. Where a husband has conveyed an undivided half interest in his property he may not thereafter insure the entire property in his own name and collect the insurance. And no waiver or conduct on the part of the insurer can legalize such insurance.

3. ———: Application for Fire Insurance: Misstatements in: Estoppel of Insurer. Where the agent of an insurance company incorrectly fills out an application from facts given him by an applicant who can read and the insured signs the application without reading it relying upon the statements of the insurance agent that it is properly filled out, the defendant is estopped from showing any breach of warranty as to such matter incorrectly filled in, if the application was prepared by the agent with full knowledge of the facts.

4. ———: Application for Policy: Undivided Interest of Insured. R. S. 1909, sec. 7020, which provides for valued insurance policies, applies to a policy insuring an undivided interest in property and insurer is estopped from denying that the property insured was worth the amount of the policy at the time of its issuance.

5. ———: Action on Fire Insurance Policy: Erroneous Instruction. Action on fire insurance policy. An instruction examined and *held* erroneous in the light of sections 7020, 7021, 7030, R. S. 1909, because the instruction did not permit the jury to assess the damages by determining the depreciation, if any, in the property insured.

6. ———: Construction of Fire Insurance Contract. Where a fire insurance policy insured a dwelling at a specified sum, the household furniture at another sum, vehicles at another and an out building at another sum, the policy is a divisible or severable contract and in an action on the policy the court should submit separately the questions of loss and depreciation in each instance.

7. ———: Non-payment of Loss Under Fire Insurance Policy: When Not Penalized. Sec. 7068, R. S. 1909. (amended Laws 1911, p. 282), is not intended to penalize an insurance company for resisting a claim a material part of which the company has good reason to believe is not due the plaintiff.

Appeal from New Madrid County Circuit Court.— *Hon. Sterling H. McCarty*, Judge.

REVERSED AND REMANDED.

*R. L. Ward* and *Thomas Gallivan* for respondent.

*Fyke & Snider* for appellant.

ROBERTSON, P. J.—This is an action upon a fire insurance policy wherein plaintiff claims the

amount due him to be $3600, with interest, and in which a jury returned a verdict for $3640, principal and interest and found that the defendant had vexatiously refused to pay for the loss and assessed his damages at $360 and a $300 attorney's fee, making a total of $4300. Judgment was entered upon the verdict and the defendant has appealed. The policy is for $4000 and was issued in consideration of a premium then paid of $18 and an installment note of $72 payable $18 on February 1 of each year thereafter until paid. The policy insured the defendant from January 29, 1913, to January 29, 1918, and also stated that the warranties made in the assured's application was a part of the consideration for its issuance. It is also stated in the policy that the property covered by the policy was owned by the insured and was situated on one acre of land in New Madrid County. The items are designated in the policy as follows:

"$2500 on two-story frame dwelling house.

"$1000 on household and kitchen furniture and furnishings of all kinds belonging to assured, or members of his family, all while contained in the above described dwelling house and summer kitchen.

"$150 on shingle roof frame building and its additions occupied as a private barn.

"$200 on vehicles while contained in above described dwelling barn and additions.

"$75 on smokehouse.

"$75 on provisions and produce therein."

The application for the policy signed by the plaintiff stated that he was the owner in fee simple of said property. On December 25, 1914, the fire occurred, totally destroying the dwelling house and its contents except about fifty dollars' worth of household goods, smokehouse and its contents. The contents of the dwelling house plaintiff testified was

193 App. 35

worth about $2100, but on cross-examination he testified, after having been reminded of his schedules filed in bankruptcy, as follows:

"Q. So at the time of the fire your household goods and furniture, household stores, wearing apparel and ornaments of person belonging to you were worth $50? A. That is what I figured them, that is what I figured they would bring if they were sold." In his schedule filed in the bankruptcy court, and sworn to on December 13, 1913, he stated that his interest in the acre of land was at that time worth $750. At the time the application for the insurance was signed by the plaintiff, when the policy was issued and at the trial the plaintiff owned only an undivided half interest in the land upon which the buildings were located. He had previous to the application deeded the other half to his wife. He testified and alleged in his answer that the agent for the defendant prepared the application; that he, the plaintiff, told the agent that his wife had a conditional deed to a one-half interest; that she owned a half interest; that the agent asked if they were living together and the plaintiff told him they were and that the agent said "that is alright, her property is the same as yours—he wrote the application and I gave him the money." The plaintiff signed the application without reading it. The agent of the defendant was a witness and denied this testimony of the plaintiff.

At the close of the testimony the defendant requested and was refused an instruction directing a verdict in its behalf. For the plaintiff the court instructed the jury (No. 1) that if the finding was for the plaintiff and he was allowed any damages they should be for "the amount expressed in policy for which said property was insured and which was destroyed by fire less the value of any and all property saved and not destroyed by fire, in a sum not to

exceed the sum of $3600 and you may allow him interest at the rate of six per cent from the 30th day of March, 1915.'' This instruction also authorized the damages and attorney's fee in the event the jury believed the evidence defendant vexatiously refused to pay the loss.

Instruction No. 2, given in behalf of the plaintiff, told the jury if they found from the evidence that the plaintiff had performed all of the duties required of him by said policy, detailing said conditions, they should find for the plaintiff, provided they found that the defendant waived the condition in the policy that it should be void if the plaintiff was not the sole, unconditional and absolute owner of the property insured as set out in other instructions.

Instruction No. 3, given for the plaintiff, was based upon the theory of waiver and in substance told the jury if the agent wrote the application, that the plaintiff made the statements to him at that time to which we have stated the plaintiff testified; that the plaintiff relied upon said agent writing the answers correctly and did not thereafter read over the application; that the plaintiff paid the premium provided for in the policy and the defendant retained and had not handed back the same to the plaintiff, that then the defendant has waived the statement in the policy and the answer in the application that the plaintiff was the sole and absolute owner of the property, and that the defendant could not defeat the action on that defense.

In behalf of defendant the court instructed the jury that the burden of proving waiver rested upon plaintiff and also that if the defendant had reasonable cause to believe and did believe that it had a good defense to all or any part of plaintiff's claim then no penalty or attorney's fee should be assessed against it.

The court of its own motion instructed the jury that they should not assess his damages at more than one-half of the insurance on the buildings unless that interest exceeded in value one-half the insurance thereon in which event recovery must be limited to one-half the value of said building, unless the jury found a waiver. Also the court of its own motion instructed the jury that it was the duty of the plaintiff, "if he could read and write," to have read the application and if he did not read it and was not prevented from doing so by some act of defendant or its agent then he was presumed to know the contents of said application and is bound by the statements contained "therein unless there was a waiver therein made by defendant." These two instructions given by the court of its own motion are the same as Instruction No. 6, requested by the defendant and refused with the addition of the provision concerning the waiver.

At the very outset we are met with the insistence in behalf of the defendant that the plaintiff should not, as a matter of public policy, be allowed to insure the undivided one-half interest in the property owned by his wife and collect the insurance thereon and that no waiver or conduct on the part of the defendant could legalize such insurance. We concede that proposition to be true and we have held that a party cannot collect insurance upon property in which he has no insurable interest. [Wisecup v. The American Ins. Co. of Newark, 186 Mo. App. 310, 172 S. W. 73, and Rutherford v. Sample, 186 Mo. App. 469, 171 S. W. 578.]

The defendant also contends that as the defendant was able to do so but did not read the application that, therefore, he is bound by its contents, citing the opinions of this court in Aetna Life Ins. Co. v. American Zinc, Lead and Smeltering Co., 169 Mo. App. 550, 563, 154 S. W. 827, which lays down no

such rule, and Colley v. National Live Stock Insurance Co., 185 Mo. App. 616, 623, 171 S. W. 663, in which it is stated that the *mere* claim of signing without reading an application cannot relieve from the effects of statements therein contained. Other cases cited to this point by appellant are as equally wide of the mark.

Beginning with Combs v. Hannibal Savings & Insurance Co., 43 Mo. 148, 150 and 151, there is a long array of opinions of the Supreme Court and of the Courts of Appeal holding that where the agent of the insurance company incorrectly fills out an application from facts given him by an applicant who can read and the insured signs the application without reading it, after being given to understand that it was properly filled out, relying upon the statement of the insurance agent, that the defendant is estopped from showing any breach of warranty, as to such incorrectly filled in matter, if such application was prepared by its agent with full knowledge of the facts. [Parsons v. The Knoxwell Fire Ins. Co., 132 Mo. 583, 588 and 589, 34 S. W. 476; Rissler v. American Central Ins. Co., 150 Mo. 366, 376, 51 S. W. 755; Thomas v. Hartford Ins. Co., 20 Mo. App. 150, 156; Shortliff v. Modern Woodmen of America, 100 Mo. App. 138, 149, 73 S. W. 326, *et seq.*, and Floyd v. Modern Woodmen of America, 166 Mo. App. 166, 168, 148 S. W. 178.]

If the facts are as plaintiff testified concerning the application he told the defendant's agent the truth concerning his title and if the agent wrongly interpreted the facts and incorrectly filled out the application the defendant cannot now be heard to say that the policy is void on account of the present alleged misrepresentation of title. We uphold the contention of the defendant that the plaintiff could not insure the interest of his wife in the property but in so holding we do not necessarily conclude that

the policy is void because the plaintiff and defendant mistakenly thought the entire interest in the property was *going* to be covered by the policy. There is no effort made to reform the policy. The plaintiff had an insurable interest in the property and the defendant issued its policy, knowing all the facts, and the policy upon its face insures the plaintiff against loss to the extent of $2500. When the policy was issued, if the plaintiff is believed, the defendant intended to insure only plaintiff's interest but it misinterpreted the interest which plaintiff had in the property and erroneously stated that interest both in the application and in the policy, but nevertheless the policy does insure plaintiff against loss on the dwelling to the extent of $2500 and for that amount of insurance he paid. Section 7020 provides that the defendant shall not be permitted to deny that the property insured thereby was worth at the time of the issuing of the policy the full amount insured therein on said property. The property insured by this policy was and could be only the interest of the plaintiff therein and under that section defendant could not be heard to deny that at the time of the insurance the property was worth less than $2500, but the defendant could show a depreciation in value. The fact that an undivided interest in property is insured does not exempt the policy from the provisions of this section. The policy is unambigious and insures the plaintiff against loss of the property therein mentioned. The mistake therein as to ownership was caused by the defendant. Plaintiff's money has been paid for the full insurance and the policy comes within the spirit, as well as the terms of the statute. In Nixon v. German Insurance Co., 69 Mo. App. 351, the plaintiff was allowed, under facts similar to the ones involved here, to recover the full amount of the policy. [See, also, to the same effect, Franklin v. The Atlantic Fire Ins. Co., 42 Mo.

456; O'Brien v. Greenwich Insurance Co., 95 Mo. App. 301, 303, 68 S. W. 976; Clark v. Knoxville Fire Insurance Co., 61 Mo. App. 181.] The plaintiff cites our opinion in the case of Rutherford v. Sample, supra, as holding that a mortgagee had an insurable interest in the property and could retain $900 insurance collected, notwithstanding his mortgage secured only an indebtedness of $500. This is a misconception of that opinion. That was a contest between mortgagor and mortgagee; the latter had collected the full amount of the insurance and if he had procured it to protect his interest we held he could retain it. Certainly the mortgagor could not take it from him, although the insurance company might have defeated his recovery of the excess, a point we did not then consider and are not now deciding with reference to the facts in that case. We hold that if the testimony of the plaintiff is true that then the policy was valid to the amount of $2500 and covered his interest in the buildings to that extent, governed by the provisions of said section, but we must reverse the judgment and remand the *cause* for errors occurring in the course of the trial.

In the first place plaintiff's Instruction No. 1, is erroneous in that it does not permit the jury to assess the damages by determining the depreciation, if any, in the property insured. The "valued policy" provision of section 7020 is, by the latter part of section 7021, limited to insurance of real property, but section 7030, Revised Statutes 1909, applies to personal property in the same way. [Spickard v. Fire Association, 164 Mo. App. 1, 4, 146 S. W. 808; Weston v. American Ins. Co., 191 Mo. App. 282, 284, 177 S. W. 792.] The instruction should have been so framed that the jury could have considered the testimony as to what defendant stated the value of the real property to be when he filed his schedule in bankruptcy, almost one year after the policy

was issued. It is to be presumed that his interest was worth $2500 when the policy was issued and if it was worth only $750 at the time he swore to the schedule the jury, in the absence of further showing had a right to conclude that the difference represented depreciation. We start with the proposition that on the day the policy was written the buildings were worth $2500 and the personal property a sum of which the amount expressed in the policy was three-fourths, then we are confronted with the fact that about one year later the entire interest in the building was worth only $1500 and the personal property owned by the insured was worth about $50 and we think that these bare facts would justify the conclusion that the difference was due to depreciation. If the proof shows that there was in fact no depreciation, destruction or loss of property, then the conclusion that there was an incorrect valuation in the first place would be justified, and this is one thing the statute protects the insured against. If the plaintiff's testimony above quoted about the value of his interest in the household goods is to be believed the amount of the recovery, on account of depreciation, should have been reduced over $1000. This instruction withdrew from the jury any consideration of this phase of the testimony. There is some confusing testimony about part of the household effects, other than what plaintiff valued at fifty dollars, belonging to members of his family, but as we understand his testimony the jury may have properly found that he was, when he filed his schedule, claiming to own all of the household effects and that he fixed the value of all of it at fifty dollars. This can be made clearer if there is a re-trial.

Appellant also calls attention to this instruction as being defective because it does not submit separately the questions of loss and depreciation as applied to each group of property in the way mention-

ed in the policy. It is held in Trabue v. Dwelling House Ins. Co., 121 Mo. 75, 86, 25 S. W. 848, that a policy of this kind constitutes a divisible or severable contract as to each group. In Crossan v. The Pennsylvania Fire Insurance Co., 133 Mo. App. 537, 540, 113 S. W. 704, it is held error to instruct on the measure of damages as fixed by the total of these various sums. The instructions can easily be so framed, if there is another trial, as to meet the rules laid down in those opinions. It is useless for us to discuss this question as applied to the facts here.

We are also of the opinion that in view of the facts and circumstances in this case that the jury should not have been authorized to assess any penalty or attorney's fee, because it is shown in this case that the plaintiff has been contending for and undertaking to collect far in excess of what, according to his own testimony, he is entitled to recover and it was not the intention and purpose of section 7068, Revised Statutes 1909 (as amended Laws 1911, page 282) to penalize an insurance company for resisting a claim, a material part of which it has good reason to believe is not due the plaintiff. [Weston v. American Ins. Co., 191 Mo. App. 282, 285, 177 S. W. 792; Patterson v. American Ins. Co., 174 Mo. App. 37, 44, 160 S. W. 59; Kahn v. London Assurance Corporation, 187 Mo. App. 216, 219, 173 S. W. 695.] At the time the plaintiff submitted his proof of loss, which was about two months after the fire and after he had discussed the matter with defendant's agent, he claimed the full $1000 for household, kitchen furniture, etc. At that time evidently the defendant was aware of the sworn statements made by the plaintiff in his schedules filed in bankruptcy and from that they had good reason to believe that the value of the personal property lost in the fire did not exceed $50 and that there had

been a depreciation in value of the real estate. We assume in the absence of a showing to the contrary that the plaintiff was insisting upon full payment and that the defendant would have had to pay the full amount due or submit to litigation. It is true the defendant denied all liability in response to plaintiff's demands but this would not make its refusal to pay vexatious until the plaintiff demanded practically no more than was unquestionably due and the defendant refused to pay that amount.

The instructions which were given by the trial judge and which were evidently modifications of instructions requested by the defendant should not up· on a re-trial, if objected to by the plaintiff, be given because neither of them, for the reasons heretofore stated, properly declare the law.

The judgment is reversed and the cause remanded.

*Farrington* and *Sturgis, JJ.,* concur.