# PARKER-RUSSELL MINING AND MANUFACTURING COMPANY, Appellant, v. INSURANCE COMPANY OF NORTH AMERICA, Respondent.

### St. Louis Court of Appeals. Opinion Filed April 4, 1922.

1. INSURANCE: Fire Insurance: Policy Provisions: Construction: Susceptible of Two Constructions: One Favoring Insured Followed. Where a policy of insurance is fairly susceptible of two different constructions, the one most favorable to the insured will be followed.

2. ———: ———: ———: ———: Words Used Show Intention of Parties; Effect Given Thereto. Where the words used in a policy of insurance clearly indicate the intention of the parties, effect must be given thereto, and the appellate court must not be influenced to adjudge the existence of a doubt and construe the contract of insurance in favor of the insured simply because counsel may be able to give a double construction to the contract of insurance which is not fairly susceptible to such construction.

3. ———: ———: ———: Separate Clauses: Insuring Specific Amount on Specific Properties: Insured Entitled to Recover Only Amounts Designated. Where a fire insurance policy contained a large number of separate clauses for specific amounts of insurance on specific property designated therein, the 1st, 4th and 6th of which each insured described buildings, the 2nd, 7th and 10th each insured machines and machinery, etc. (other clauses reviewed), held, under the language and context of the policy, the words "all while contained in the above described building," the concluding words in each group of clauses, to-wit: 1, 2, 3 and 6, 7, 8, 9, 10 and 11, relate to each of the preceding clauses in such group, that is, that clause 2 is restricted by the language in clause 3; clause 7 by the words of clause 8, and clause 10 by clause 11, and consequently the contract of insurance is one for specific amounts on specific property, and insured was entitled only to the amount designated to cover such particular property.

4. ———: ———: ———: ———: ———: General Statement of Location: Not Blanket Insurance. Where a fire insurance policy contained a large number of separate clauses for specific amounts of insurance on specific property designated therein, a statement in

the final paragraph that all of the property of the insured covered by the policy was situated on designated premises of the assured, did not have the effect of floating around the specific provisions, to make a general blanket insurance policy.

5. ———: ———: ———: **Distinct Items and Amounts: May be Insured in One Policy.** One insurance policy may insure several amounts upon several distinct items, and the contract is severable into as many contracts as there are separate classes of property insured on separate valuations.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Robert W. Hall,* Judge.

AFFIRMED.

*Douglas W. Robert,* for appellant.

(1)  Where a contract of insurance is ambiguous, doubtful, or at least of two meanings, it will be construed in favor of the insured.  Mathews v. M. W. A., 236 Mo. 326; Wertheimer v. Casualty Co., 172 Mo. 135; O'Malley v. Ins. Co., 232 S. W. 199; Corbin v. Mystic Workers, 226 S. W. 64; Am. Products Co. v. Ins. Co., 225 S. W., 1029; Burns v. Ins. Co., 224 S. W. 98; Drucker v. Western I. Co., 223 S. W. 989; Kempf v. Equitable A. Co., 184 S. W. 133; L. L. & G. I. Co. v. Kearney, 180 U. S. 132; Imperial I. Co. v. Coos Co., 151 U. S. 452; Thompson v. Ins. Co., 136 U. S. 287; 2 May on Ins., sec. 401a, p. 924.  (2)  The insurer having prepared the policy and not having qualified the location of the machinery, tools, appliances and apparatus, "appertaining to the assured's business," otherwise than "on premises of the assured, located on the east side of Morganford road, in city blocks Nos. 4144, 4143, and 4135, St. Louis, Missouri," Clauses 2, 7 and 10 applied to all such wherever situated on the premises.  Walker v. Fire Assn., 201 S. W. 571; Still v. Ins. Co., 185 Mo. App. 550; Ideal Pump Co. v. Ins. Co., 167 Mo. App. 566; Soli v. Ins. Co., 51 Minn. 24; Sawyer v. Ins. Co., 37 Wis. 503; McKeesport v. Ins. Co., 173 Pa.

St. 53; Aetna Ins. Co. v. Strout, 16 Ind. App. 160; Washington I. Co. v. Davidson, 30 Md. 92; 2 May Insurance, sec. 401c, p. 927. (3) There was evidence of vexatious delay and that question should not have been withdrawn from the jury. Barber v. Ins. Co., 269 Mo. 21; Fay v. Ins. Co., 268 Mo. 373; Keller v. Ins. Co., 198 Mo. 440; Brown v. Ins. Co., 45 Mo. 227; O'Malley v. Ins. Co., 232 S. W. 199; Anderson v. Benefit Assn., 231 S. W. 75; Hicks v. Ins. Co., 196 Mo. App. 162.

*Leahy & Saunders* for respondent.

(1) Two of the specific clauses, namely 2 and 7, of the policy in controversy are identical in phraseology, whereas the third clause, No. 10, radically differs from 2 and 7. This difference in phraseology demonstrates that the coverage is specific and not floating in character. Plaintiff does not claim a floating policy except as to the three clauses, namely, 2, 7 and 10, in controversy. The specific character of these clauses is also established by the policy reference to the various buildings shown on the blue print attached to the policy, and by the location of these clauses in the entire policy. The phrase, "all while contained," closing the clause in each bracket, necessarily refers to the property enumerated and located in the specific buildings, preceding said phrase. The general description is always limited by the particular description, or addition following it. Johnson County v. Ward, 84 Mo. 489; Meyers v. Wood, 173 Mo. App. 564. (2) A contract of insurance, not ambiguous or contradictory in terms, will be construed according to its manifest intent. Marmon Chicago Company v. Heath, 205 Ill. App. 605; Taylor v. Loyal Protective Ins. Co., 194 S. W. 1055; Strother v. Business Men's Accident Assn. of Amer., 193 Mo. App. 718. (3) The form of the policy in suit is that of specific insurance and not that of open or floating or blanket insurance. Richards on Insurance, pp. 590-1; Liverpool & London & Globe Insurance Co., Limited, v. Jones, 197 S. W. 736; Home Insurance Co. v.

Baltimore Warehouse Co., 93 U. S. 527; Johnston v. Ins. Co., 102 N. W. 72; Cutting v. Insurance Co., 85 N. E. 174; Black v. Ins. Co., 112 N. W. 45; Grossbaum Syndicate v. Ins. Co., 62 Atl. 1107; American Central Ins. Co. v. London, 49 Atl. 738. (4) Where insurance is effected in specific amounts on specific properties, the insured is only entitled to indemnity from the particular fund designated to indemnify the particular property. 4 Cooley's Briefs on Insurance, p. 3059, and cases therein cited; Dwelling House Ins. Co. v. Freeman, 10 Ky. L. R. 496; Jenkins v. Ins. Co., 58 Mo. App. 210; Lochner v. Ins. Co., 17 Mo. 247; Coontz v. Ins. Co., 42 Mo. 126; Schuster v. Ins. Co., 102 N. Y. 260; Home Insurance Co. v. Adler, 71 Ala. 516; Hews v. Atlas Ins. Co., 126 Mass. 389; Trabue v. Ins. Co., 121 Mo. 75; Crossan v. Ins. Co., 133 Mo. App. 537; La Font v. Ins. Co., 193 Mo. App. 543; Schockey v. Ins. Co., 191 S. W. 1049; Turner v. Ins. Co., 189 S. W. 626; Downey v. Ins. Co., 252 Fed. Rep. 701; Bertine v. Ins. Co., 168 N. Y. Supp. 156; Acione v. Ins. Co., 169 N. Y. Supp. 908; Agnew v. Ins. Co., 167 N. W. 829; Home Ins. Co. v. McClaren, 204 S. W. 718; Lyons v. U. S. Fidelity & Guaranty Co., 13 Ill. L. R. 54. Specific location is a vital policy feature and can only be corrected, in case of a mutual mistake by reformation in equity. Rosalind Realty Co. v. Insurance Co., 167 N. Y. Supp. 190. (5) The potency of defense, arising upon the face of the policy, and its adjudication, render in applicable the penalty provisions for damages and attorneys' fee.

DAUES, J.—This action was brought upon a fire insurance policy for $1,188.51, together with interest, ten per cent damages and attorney's fee for vexatious refusal to pay the policy.

Defendant answered that it owed only the sum of $552.57, with accrued interest and costs, which it tendered into court. The trial was had before the court and a jury and resulted in a directed verdict and judgment

for plaintiff, at the close of plaintiff's case, in the amount tendered by the defendant. The verdict also was in favor of defendant on the issue of damages for vexatious refusal to pay under the policy. Plaintiff appealed.

The policy sued upon was issued January 23, 1919, in the sum of $2500. It provided that plaintiff carry insurance to the total of $46,550. The fire occurred April 25, 1919, at plaintiff's plant, thus insured, whereby certain buildings and personal property were destroyed and damaged.

Plaintiff's factory is located on Morganford road in the city of St. Louis. The plant consists of a number of buildings. A plat accompanying the policy divides same as Factory No. 1, and Factory No. 2. The buildings are designated on this blue print and referred to in the policy by the letters C, D, E, F, G, L, M, O, N, R, P, T and K. On the map the buildings are grouped, C, D, E, F, as Factory No. 1, and buildings L, M, O, as Factory No. 2. There is evidence that this designation as Factory 1 and 2 arose from the action of State factory inspectors classifying same for factory-inspection purposes. It appears that there is a switch dividing the premises along such lines. The fire practically destroyed buildings L, M and O, (factory No. 2) with their contents. Building N, being a carpenter and blacksmith shop to the side of factory No. 2, was damaged only to the extent of $130.

The materials and supplies in this manufacturing plant consisted of silica tile and bricks, and the other personal property was composed of machinery and implements and equipment. The total loss alleged by plaintiff amounted to $41,550; the total of insurance claimed to be applied thereto amounts to $23,200. Plaintiff maintains that defendant's *pro rata* proportion of such insurance applicable thereto amounts to $1,188.51, the amount sued for. Defendant, on the other hand, insists that under the express terms of the policy of insurance, it is liable to plaintiff only in the sum tendered into court.

To a complete understanding of the questions raised, we deem it expedient to set out the provisions of the policy in their order and in full, as follows:

"1.   $14,000 On the brick gravel roof buildings adjoining and communicating, including roof structures and permanent fixtures therein and additions thereto, adjoining and communicating, marked on plat as buildings C, D, E and F.

2.   $10,000 On machines and machinery of every description, engines, shafting, belting, gearing, pulleys, hangers, mills, pumps, dies, presses, pans, moulds, bins, screens, elevators, iron and wooden tanks, gas, steam and water pipes, dynamos, motors and their connections, electric wiring and lamps, tools, implements, appurtenances and appliances and all attachments, connections and extra parts and all other equipment appertaining to the assured's business.

3.   $2,500 On stock in trade, finished, unfinished and in process of finishing, materials and supplies; all while contained in and on the above described building or adjacent thereto.

4.   $500 On the brick composition roof, boiler house buildings and additions thereto adjoining and communicating, including roof structures and permanent fixtures therein, marked on plat as building G.

5.   $2,500 On boilers, engines, feeders, their connections, smokestacks, breechings, steam and water pipes, their fittings and all settings, supplies, tools, implements, parts and repairs and extra parts, electric light apparatus, lamps, and wiring, together with all other equipment not otherwise specified or enumerated; while contained in the above described building.

6.   $5,000 On the brick and frame gravel roof buildings adjoining and communicating, including roof structures and permanent fixures therein and additions thereto adjoining and communicating, marked on plat as buildings L, M and O.

7. $3,500 On machines and machinery of every de-scription, engines, shafting, belting, gearing, pulleys, hangers, mills, pumps, dies, presses, pans, moulds, bins, screens, elevators, iron and wooden tanks, gas, steam and water pipes, dynamos, motors and their connections, electric wiring and lamps, tools, implements, appurte-nances and appliances, apparatus and all attachments, connections and extra parts and all other equipment ap-pertaining to the assured's business.

8. $1,500 On stock in trade, finished, unfinished and in process of finishing, materials and supplies; all while contained in and on the above described buildings or adjacent thereto.

9. $1,200 On brick and frame composition roof building, including roof structures and permanent fix-tures therein and additions thereto adjoining and com-municating, marked on plat as building N.

10. $2,000 On machines and machinery of every de-scription, engines, shafting, belting, gearing, pulleys, hangers, mills, pumps, dies, presses, moulds, patterns, bins, gas, steam and water pipes, motors and their con-nections, electric wiring and lamps, tools, implements, appurtenances and appliances, apparatus and all attach-ments, connections and extra parts and all other equip-ment appertaining to the assured's business.

11. $200 On stock in trade, finished, unfinished and in process of finishing, materials and supplies; all while contained in and on the above described buildings or ad-jacent thereto.

12. $300 On the one-story frame, gravel roof build-ing, including roof structures and permanent fixtures therein, marked on plat as building R.

13. $700 On patterns, moulds, materials and sup-plies; all while contained in the above described building, or adjacent.

14. $150 On the frame composition roof building, including roof structures and permanent fixtures there in, marked on plat as building P.

15. $250 On oil and all other materials and supplies while contained in the above described building.

16. $250 On tool shed and additions, east of coal sheds marked T.

17. $1,000 On tools, machinery, engines, parts and extra parts and all other equipment while contained in the above described building.

18. $900 On the one-story brick and frame tin roof office building and additions thereto adjoining and communicating, including roof structures and all permanent fixtures therein, marked on plat as building K.

19. $100 On office furniture and fixtures of every description, safes, typewriters and stationery, together with all other equipment not otherwise specifically insured or enumerated, while contained in the above described building.

$46,550     Total.

All of the above described property situated on premises of the assured, located on the east side of Morganford Road, in City Block Nos. 4144, 4143 and 4135, Saint Louis, Missouri.''

It is agreed that the decisive question in the case is one of interpretation of the policy.

Plaintiff contends that clauses 2, 7 and 10 in the policy are general clauses and apply to all machinery, tools, appliances, equipment, etc., which appertained to the business of the assured and which were at the time upon the premises of the insured at the plant on Morganford road. The insurance company takes the position that clause 2 covers only such equipment as was in (factory No. 1) the buildings C-D-E-F, which was not burned; that clause 7 relates only to the equipment in (factory No. 2) the buildings L-M-O, and that clause 10 refers to equipment in building N.

Eliminating from this discussion for the present the slight damage of $130 to building N, the defendant points out that clause 6 covers buildings L-M-O, which were totally destroyed, insurance $5000; that the succeeding

clause, No. 7, insures the equipment in such buildings L-M-O covered by the preceding clause to the extent of $3500, total loss, and that clause 8 insures the stock in trade carried in buildings L-M-O to the extent of $1500, also a total loss. Thus, according to this theory, plaintiff is entitled to the *pro rata* proportion assumed by this company on the loss of $10,000, that is for the total loss of buildings L-M-O and their contents. Defendant's proportionate share of this insurance and the sum of $130 for damages to building N, with interest and cost, was the amount tendered to plaintiff in court.

The court *nisi* construed the contract of insurance to be one for specific amounts on the specific properties, as contended for by defendant, and held that plaintiff was entitled only to the amounts designated to cover such particular property. We think the learned trial judge correctly construed the contract between the parties.

Counsel for plaintiff presents an engaging argument to support his position that clauses 2-7-10 are general, or open, and referable to personal property in the whole plant. We are invited to consider the rule that where a contract of insurance is ambiguous and doubtful, it must be construed in favor of the insured, citing Mathews v. Modern Woodmen of America, 236 Mo. 326, 139 S. W. 151, and numerous other cases. We set our compass directly on the lines laid by those cases, and of course if the policy is fairly susceptible of two different constructions, the one most favorable to the insured will be followed. [Thompson v. Phenix Ins. Co., 136 U. S. 287.] We must not be influenced, however, to adjudge the existence of a doubt simply because counsel may be able to give a double construction to a contract which is not *fairly* susceptible to such construction. We must bear in mind also that if the words used in the policy clearly indicate the intention of the parties, effect must be given thereto. [Strother v. Business Men's Accident Assn. of Amer., 193 Mo. App. 718, 188 S. W. 314.]

In order to properly consider the effect of clauses 2-7-10, their place and order in the contract must be considered. It will be noted that the wording of clauses 2 and 7 are exactly alike, but the wording of clause 10 is very different. Now, reading from the beginning of the contract, it is plain, we think, that clause 2 referred to the machines, machinery, etc., of factory No. 1, specified as buildings C-D-E-F. It will be seen that clause 1 refers to such buildings; 2 undoubtedly refers to the machinery, etc., in such buildings, and 3 refers to the stock in trade in such buildings. Clause 3 concludes with the phrase "all while contained in and on the above described building or adjacent thereto."

Then follows clause 4, dealing again with another building, to-wit building G, and is followed by clause 5, covering the equipment in that particular building, concluding again with the phrase "while contained in the above described building."

We next find clauses 6, 7 and 8 grouped—clause 6 covering the buildings L-M-O with insurance; clause 7 the machines, machinery, etc., and clause 8 the stock in trade, all relating and referring of course to the equipment and stock in trade in the buildings named in clause 6. And again the concluding phrase of clause 8 is "all while contained in and on the above described buildings or adjacent thereto." This completes this group of buildings.

We next have clauses 9, 10 and 11. Clause 9 insures the building "N"; clause 10 covers the machines and machinery and specifically describes certain property contained therein not contained in clauses 2-7, and omits considerable property described in these other clauses; clause 11 insures stock in trade in building "N."

Clause 12 covers building "R"; clause 13 materials and supplies "while contained in the above described building or adjacent."

Clause 14 covers building "P"; clause 15 material and supplies "while contained in the above described building."

Clause 16 insures tool shed ''T''; clause 17 tools, etc., ''while contained in the above described building.''

Clause 18 insures office building ''K,'' and clause 19 the office furniture, etc., ''while contained in the above described building.''

Counsel for plaintiff makes the most of the final paragraph of the policy, which is nothing more or less than a statement that all the property of the insured covered by this policy is located on the ''east side of Morganford road, in City Block Nos. 4144, 4143 and 4135, Saint Louis, Missouri,'' and does not have the effect of floating around these specific provisions to make a general blanket insurance policy.

' These clauses 2-7-10 are in different groups relating to different risks. The evidence shows that the machines and machinery in buildings L-M-O was fixed and not movable. This was true of practically all the machinery in this group of buildings.

We think the language and context of the policy leave no doubt that the words ''all while contained in the above described building'' being the concluding words in each group of clauses, to-wit 1-2-3, 6-7-8 and 9-10-11, relate to each of the preceding clauses in such group, that is, that clause 2 is restricted by such language in clause 3, clause 7 by the words in clause 8, and clause 10 by clause 11. No other construction is fairly open to us.

While the employment of certain forms may not wholly indicate the meaning of a contract, yet it is of value in the construction of such an instrument as this one. We are referred to Richards on Insurance, pages 590-1. It is but necessary to say that the form of the policy under consideration is not the usual form of blanket insurance policy.

That one insurance policy may insure several amounts upon several distinct items is not debatable. In Crossan v. Pennsylvania Ins. Co., 133 Mo. App. 537, 113 S. W. 704, Judge Ellison said:

209 M. A.—33

"As already stated, the policy though insuring the plaintiff, for a gross premium, in the aggregate sum of $500, this amount was divided into separate sums as insurance on the separate classes of property, and should be considered, in ascertaining the rights of the parties, as though each class of property was valued at such sum and insured in separate policies, and the recovery should be allowed on each class according to its separate valuation and loss, as though there was but one class and one valuation. In short, the contract is severable into as many contracts as there are separate classes of property insured on separate valuations. The reasons for so regarding such policies are so well and so fully stated by the Supreme Court, after a thorough examination, in Trabue v. Insurance Co., 121, Mo. 75, that we need only refer to that case."

[See, also, La Font v. Home Ins. Co., 193 Mo. App. 543, 182 S. W. 1029; Shockey v. Ins. Co., 191 S. W. 1049.]

We have carefully considered the authorities cited by appellant, and very especially the case of Sawyer v. The Dodge County Mutual Ins. Co., 37 Wis. 503, upon which counsel laid special stress in his oral argument. That case is not closely in point, and certainly is not controlling here. Nor do we deem the Missouri cases, Ideal Pump Co. v. Am. Cent. Ins. Co., 167 Mo. App. l. c. 572, 152 S. W. 408; Still v. Ins. Co., 185 Mo. App., l. c. 553, 172 S. W. 625, of any influence in the construction of the policy before us.

Having concluded that the trial court correctly construed the contract, and having properly directed the verdict as rendered, there remains no need to discuss the question of vexatious refusal to pay the policy by defendant.

The judgment is affirmed. *Allen, P. J.,* and *Becker, J.,* concur.